ROBERTSON for plaintiff; B. & J. MONROE for defendant.

## Collins &c., vs. Blackburn.

### ERROR TO FRANKLIN CIRCUIT.

1. In setting forth the cause of action in an ordinary petition, under the Code of Practice, it is not sufficient barely to refer to a bond or other instrument of writing as filed, and file it with the petition; there must be a certain clear and logical presentation of the cause of action, and the petition should state so much of the writing as relates to the cause of action—"a statement of the facts constituting the cause of action." *Code of Practice, Sec. 104, clause 3, p. 31.* The Code of Practice, sections 171, 181, pages 35, 37, requires the bond to be filed as part of the petition, but does not require that the petition shall state *that it is filed,* or if filed and referred to as part of the petition, that it shall be taken to be contained in the petition.

2. The petition ought to state the substance of the writing, so far as is material to the cause of action, and also refer to it as being filed as a part of the petition, or state why it is not filed.

3. In a suit upon an appeal bond the petition should set forth so much of the bond and condition, and so much of the decree appealed from, and make such averments as will show a breach of the condition and cause of action. If the decree was for the surrender of property, that the plaintiff was deprived of its use &c. If to pay costs and damages aver that the decree was affirmed, and costs and damages awarded, and what they are.

Judge MARSHALL delivered the opinion of the court.

The petition in this case is in these words, Blackburn being the plaintiff: "The plaintiff alleges that defendants executed to the plaintiff the following bond, here insert it, which reads as follows:—see the same filed with this petition, and made part of the same, and marked "copy of bond," the original will be exhibited on the trial, which is in the custody of the clerk of the Woodford circuit court. The plaintiff avers that the decree from which the said Collins pray-

ed and obtained an appeal was "affirmed in whole," and that he did not prosecute the same "with effect" in any part whatever, but altogether failed in the same; wherefore the plaintiff claims under and upon the above recited bond, the hire or value of the services of two negro men from the 13th day of November, 1851, until the — day of March, 1853, because the said bond was executed to prevent the plaintiff's getting possession of the slaves who had been, by rule of the court upon said Collins, directed to be delivered to the plaintiff, and by the execution of said bond the plaintiff was deprived of the possession and services of said slaves as aforesaid, and also the costs and damages which he incurred and sustained by reason of the appeal which Collins prosecuted from the decree mentioned in the bond, to-wit: from four to five hundred dollars. The plaintiff avers that said Collins has not paid to the plaintiff the aforesaid damages and costs, or any part thereof, but has altogether failed to pay the same, and which he still owes and refuses to pay. Wherefore, he prays judgment for that amount."

The bond referred to in the petition was executed by the defendents, Collins and Young, binding them to pay to Blackburn the sum of $2,500, under which obligation it is written, as follows: "The condition of the above obligation is such, that whereas, the above bound Vardeman Collins has obtained an appeal to the court of appeals from the decree of the Woodford circuit court, rendered at the November term, 1851, thereof, wherein said Blackburn is plaintiff and said Collins is defendent, and the condition is, that if Collins shall prosecute said appeal with effect, and shall well and truly pay to Blackburn all costs and damages which may be awarded to or sustained by him in case said decree is affirmed in whole or in part, or said appeal dismissed or discontinued, then this obligation to be void, else to remain in full force, &c."

A demurrer to the petition was overruled, and upon an enquiry of damages, judgment was rendered for $313, the damages assessed by the jury. The de-

1. In setting forth the cause of action in an ordinary peti-

COLLINS, &c.
vs.
BLACKBURN.

tion, under the Code of Practice, it is not sufficient barely to refer to a bond or other instrument of writing as filed, and file it with the petition; there must be a certain clear and logical presentation of the cause of action, and the petition should state so much of the writing as relates to the cause of action —"a statement of the facts constituting the cause of action." *Code of Practice, section 104, clause 3, page 31.* The Code of Practice, sections 171, 181, pages 35, 37, requires the bond to be filed as part of the petition, but does not require that the petition shall state that it is filed, or if filed and referred to as part of the petition, that it shall be taken to be contained in the petition.

2. The petition ought to state the substance of the writing, so far as is material to the cause of action, and also refer to it as being filed as a part of the petition, or state

fendents have brought the case up, and insist that the petition does not show any cause of action, and especially none for the hire claimed. If the bond filed is to be taken as a part of the petition, with the same effect as if literally or in substance incorporated in it, then, although it would follow that the petition contains a sufficient statement of the bond, it would still be necessary that it should state all facts not stated in the bond nor implied by law, nor judicially known, which may be essential to show the particular obligation or duty, for the breach or non-performance of which the action is brought. And even with respect to the bond, although being filed and referred to as a part of the petition, it should be taken into view upon a demurrer, and if, therefore, the omission to state its contents or substance, when it is thus filed and referred to, be not a fatal defect, still, in view of the essential objects of all good pleading, which require a certain clear and logical presentation of the cause of action, it is desirable and important that the petition itself should state so much of the bond as relates to the cause of action; and this would seem to be necessary under the requisition of the Code, that the petition shall contain a statement of the facts constituting the cause of action—section 104, clause 3, page 31, Code of Practice. The Code (sections 171, 181, pages 35, 37,) requires the bond on which the action is founded to be filed as a part of the petition. But it does not in terms require that the petition itself shall state that the bond is filed; or that if filed, or if filed and referred to as a part of the petition, it shall be taken to be contained in the petition.

For the sake of certainty and uniformity, if there be no other reason, we think the petition ought to state the substance of the bond so far as it is material to the action, and also to refer to it as being filed as a part of the petition, or to state why it is not filed.

But conceding that the omission to state the bond is not fatal where it is referred to as filed, we proceed to the enquiry whether the petition in this case states

such facts as in connection with the bond shew that the plaintiff has a right to recover the costs and damages which he demands, under any alleged breach of the bond. The condition of the bond, and the real undertaking of the obligors is, that in case of affirmance of the decree appealed from, or of the dismissal or discontinuance of the appeal, Collins shall pay to Blackburn all costs and damages awarded to or sustained by him. The averment that the decree was affirmed, shows a right to the costs and damages awarded or sustained, by reason of the appeal. But there is no intimation that any costs or damages were awarded or adjudged in the appeal; and if any costs could be recovered which were not awarded it should certainly be shown what they were, or how they were incurred, in order that it might appear that they were in fact sustained in consequence of the appeal, and are recoverable under the appeal bond. And so as to the damages, it should be shown, (that is, the facts should be stated which show,) that the loss of the hire or services of the negroes for which damages are claimed arose from the suspension of the decree appealed from, and were thus occasioned by the appeal and the bond which consummated it. It is not sufficient to state that the bond was executed to prevent, and that its execution did prevent the plaintiff from getting possession of certain slaves, or that he was thereby deprived of their possession. Unless this was the effect of the suspension of the decree, the damage claimed is not recoverable under the bond; and to show that this deprivation of possession was the effect of the suspension of the decree, the terms or substance of the decree must have been stated so far as to show what it determined with respect to the negroes referred to, and that its suspension deprived Blackburn of the possession or prevented his getting it, and thus occasioned the damages claimed. The cause of the damage must have been a legal and not an illegal consequence of the appeal, and the petition should show that it was so, for the bond was but the effectua-

COLLINS, &c.
vs.
BLACKBURN.

why it is not filed.

3. In a suit upon an appeal bond the petition should set forth so much of the bond and condition, and so much of the decree appealed from, and make such averments as will show a breach of the condition and cause of action. If the decree was for the surrender of property, that the plaintiff was deprived of its use, &c., if to pay costs and damages, aver that the decree was affirmed, and costs and damages awarded, and what they are.

tion of the appeal; and whatever may have been the actual object or effect of its execution, no damages can be claimed under it but such as are shown to have resulted legitimately from the appeal, that is, from the suspension of the decree appealed from; and although the petition states that the execution of the bond was intended to prevent and did prevent Blackburn from getting possession of slaves which Collins had been directed by rule of court to deliver to him, it does not state that this rule of court was the decree appealed from, and therefore still fails to show that the alleged deprivation of possession was the legitimate consequence of the appeal or of the bond by which it was made effectual. We might, indeed, infer or conjecture that such was the case. But if it was, the fact was essential to the cause of action, and was one of the facts constituting it, which should, under the requisition of the Code, have been stated, instead of being left to inference or conjecture. The failure to state in the condition of the bond the nature or substance of the decree appealed from, renders the averment in the petition of the facts above referred to absolutely necessary, and as they are not stated, the demurrer should have been sustained.

Wherefore, the judgment is reversed, and the cause remanded with directions to sustain the demurrer, and for further proceedings.

HARLAN for plaintiff; HEWITT and LINDSEY for defendant.